## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLANIA

| | |
|---|---|
| TIMOTHY CANN | : |
| | : |
| v. | : |
| Plaintiff, | : |
| | : |
| | :   No. 2010-CV-00921 |
| | : |
| WALTER KANAUSS, JR. | : |
| DANIELLE P. LEHMAN | : |
| DAVID LEHMAN, ESQ. | : |
| RICHARD W. HOY ASSOCIATES, P.C., | : |
| LEGACY INVESTMENT GROUP, INC., et al., | : |
| | : |
| Defendants. | : |

## <u>ORDER</u>

**AND NOW**, this ____ day of _____, 2010, upon consideration of the Motion to

Dismiss of defendants, David Lehman, Esquire and Richard W. Hoy Associates, P.C. to the

plaintiff's Second Amended Complaint, it is hereby **ORDERED** and **DECREED** that:

_____ Count I of plaintiff's Second Amended Complaint under the Credit Repair
Organization Act ("CROA") is hereby dismissed against moving defendants, with
prejudice;

_____ Count II of plaintiff's Second Amended Complaint for professional negligence
directed to moving defendants is hereby dismissed, with prejudice;

_____ Count III of plaintiff's Second Amended Complaint for fraud against moving
defendants is hereby dismissed, with prejudice;

_____ Count IV of plaintiff's Second Amended Complaint for civil conspiracy
against moving defendants is hereby dismissed, with prejudice;

_____ Count V of plaintiff's Second Amended Complaint under the Unfair Trade
Practices Act ("UTPCPL") against moving defendants is hereby dismissed, with
prejudice;

_____ Count VI of plaintiff's Second Amended Complaint for conversion against the
moving defendants is hereby dismissed, with prejudice;

_____ Plaintiff's claim for punitive damages, emotional distress, and counsel fees against the moving defendants in association with all claims are hereby stricken, with prejudice.

BY THE COURT:

_____
The Honorable Legrome D. Davis U.S.D.J.

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLANIA

TIMOTHY CANN                :
                                :
       v.                 :
            Plaintiff,     :
                                :      No. 2010-CV-00921
                                :
WALTER KANAUSS, JR.      :
DANIELLE P. LEHMAN      :
DAVID LEHMAN, ESQ.       :
RICHARD W. HOY ASSOCIATES, P.C., :
LEGACY INVESTMENT GROUP, INS., et al. :
            Defendants.  :

### DEFENDANTS, DAVID LEHMAN, ESQUIRE AND RICHARD W. HOY ASSOCIATES, P.C.'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

    Defendants, David Lehman, Esquire ("Lehman"), and Richard W. Hoy Associates, P.C. ("Hoy"), by and through their attorneys, Marshall, Dennehey, Warner, Coleman & Goggin, move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Counts I through VI of the plaintiff's Second Amended Complaint, and to strike plaintiff's claim for punitive damages, emotional distress, and counsel fees, and in support thereof, aver as follows:

### I.   Factual and Procedural Background

    1.    This is an action for both damages and equitable relief that was instituted by the plaintiff, Timothy Cann ("Cann") by the filing of a Complaint in the Federal District Court on March 4, 2010. The lawsuit arises from a real estate transaction involving a residential property located at 64 East Johnson Street in Philadelphia.

    2.    According to the Second Amended Complaint, Cann contacted defendant. Lehman in September of 2007 seeking solutions to a pending foreclosure proceeding against him that was proceeding in the Philadelphia Court of Common Pleas. A copy of plaintiff's Second Amended Complaint is attached hereto, is incorporated herein, and is marked as Exhibit "A."

3.     Plaintiff subsequently entered into a program attempting to stave off the foreclosure of his home that has been identified as the "Liberty Program." The essence of the claims contained in the Second Amended Complaint are that the plaintiff was misled, duped, and defrauded into entering into the program, and as a result suffered damages.

4.     Cann maintains that he lost the remaining equity in his home, the ability to live in the home, as well as unspecified damages in the nature of pain and suffering, and emotional distress. Punitive damages and counsel fees are also sought under the Credit Repair Organization Act ("CROA"), and under the Unfair Trade Practices and Consumer Protection Law ("UTPCPL"). The latter also provides for an award of treble damages that are being claimed. See plaintiff's Second Amended Complaint, Exhibit "A."

5.     Examination of plaintiff's Second Amended Complaint reveals that it contains multiple statutory and non-statutory claims directed to multiple defendants, including the moving defendants, Lehman and Hoy. The allegations of the second amended pleading make little attempt to parse out what conduct was undertaken by which defendant simply lumping together the parties, their respective conduct, and the actions undertaken by each.

6.     The claims in the Second Amended directed to Lehman and Hoy include a claim under the Credit Repair Organization Act set forth at 15 U.S.C. §1679, et. seq., ("CROA")(Count I), a professional negligence claim (Count II), a fraud claim (Count III), a civil conspiracy claim (Count IV), a State law claim under the Pennsylvania Unfair Trade Practices and Consumer Protection Law set forth at 73 Pa. C.S. §201-2, et. seq., ("UTPCPL")(Count V), and a conversion claim (Count VI). Claims for extra-contractual damages (punitive damages), treble damages, and counsel fees are claimed in association with these claims. See plaintiff's Second Amended Complaint, Exhibit "A."

7.     Plaintiff asserts this court has jurisdiction conferred under the CROA statute and venue because the events underlying the real estate transaction occurred in this judicial district.

2

8.      Defendants Lehman and Hoy now move pursuant to Federal Rule of Civil

Procedure 12(b)(6) to dismiss plaintiff's claims for failure to plead sufficient facts to support

these statutory and common law claims as a matter of law.

## II.      **Legal Standard**

9.      Counsel for the moving defendants incorporates by reference paragraphs 1

through 8, inclusive, as though fully set forth herein at length.

10.     Pursuant to Federal Rule of Civil Procedure 12(b)(6):

> *Every defense to a claim for relief in any pleading must be asserted*
> *in the responsive pleading if one is required. But a party may*
> *assert the following defenses by motion:*
>
> *(6) failure to state a claim upon which relief can be granted . . .*

Fed. Rule of Civ. P. 12(b)(6)(emphasis added).

11.     Thus, a Complaint is properly dismissed, in whole or in part, if it appears certain

that the plaintiff cannot prove any set of facts in support of their claim which would entitle them

to relief. While the court must accept all factual items in the Complaint as true, the court is not

required to accept bald assertions, legal conclusions, unwarranted inferences, or similar types of

conclusory allegations. Morse v. Lower Merion School District, 132 F.3d 902, 906 (3d Cir.

1997).

## III.     **Argument**

12.     As currently pled, Counts I through VI of plaintiff's Second Amended Complaint

are factually and legally insufficient to embody claims as a matter of law and must be dismissed

pursuant to Rule 12(b)(6). Plaintiff's claim for punitive damages, emotional distress, and counsel

fees are also unsupportable as a matter of law and must be stricken. Moving defendants, Lehman

an Hoy seek the following relief through this Motion:

> (1) that Count I of plaintiff's Second Amended Complaint for
> violation of the Credit Repair Organization Act set forth at 15
> U.S.C. §1679, et. seq., be dismissed as moving defendants are not
> a "credit repair organization" for purposes of the statute and

3

insufficient facts are plead to support a claim under 1679b(a)(1) or b(a)(4);

(2) that Count II of plaintiff's Second Amended Complaint for professional negligence be dismissed as it fails to contain sufficient facts to support a breach of professional duty on the part of Lehman or Hoy;

(3) that Count III of plaintiff's Second Amended Complaint for fraud be dismissed as plaintiff has failed to plead sufficient facts under Fed. Rule of Civ. P. 9(b), or at common law to support a fraud claim;

(4) that Count IV of plaintiff's Second Amended Complaint for civil conspiracy be dismissed as plaintiff cannot establish a conspiracy claim where there are no facts pled that moving defendants acted in concert or acted with malice with others regarding the Liberty Transaction;

(5) that Count V of plaintiff's Second Amended Complaint under the UTPCPL fails to embody a claim under the statute against either Hoy or Lehman since insufficient facts are pled to establish fraud or justifiable reliance;

(6) that Count VI of plaintiff's Second Amended Complaint for conversion be dismissed as plaintiff has failed to plead sufficient facts against either Lehman or Hoy establishing that the moving defendants exercised dominion or control over plaintiff's property;

(7) that plaintiff's claim for punitive damages, emotional distress, and counsel fees be stricken in association with all statutory and tort claims as insufficient facts are plead to support an award of such damages.

13.     Moving defendants incorporate by reference their accompanying Brief, as though fully set forth herein at length.

WHEREFORE, moving defendants, Lehman and Hoy, respectfully request that this Honorable Court dismiss all Counts of plaintiff's Second Amended Complaint, in their entirety, with prejudice, and strike plaintiff's claims for punitive damages, claims for emotional distress, and counsel fees, with prejudice. Moving defendants request such other and further relief as the Court may deem just and proper.

Respectfully submitted,

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

By:

Dated: July 23, 2010

KIMBERLY WONG, ESQUIRE
JEFFREY J. CHOMKO, ESQUIRE
Attorneys for defendants,
David Lehman, Esquire and
Richard W. Hoy Associates, P.C.

01/6086069.v1

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLANIA

TIMOTHY CANN                  :

v.                      :

Plaintiff,         :

:     No. 2010-CV-00921

:

WALTER KANAUSS, JR.       :
DANIELLE P. LEHMAN      :
DAVID LEHMAN, ESQ.       :
RICHARD W. HOY ASSOCIATES, P.C.,  :
LEGACY INVESTMENT GROUP, INS., et al.  :
Defendants.  :

### DEFENDANTS, DAVID LEHMAN, ESQUIRE AND RICHARD W. HOY ASSOCIATES, P.C.'S BRIEF IN SUPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendants, David Lehman, Esquire ("Lehman") and Richard W. Hoy Associates, P.C.

("Hoy"), by and through their attorneys, Marshall, Dennehey, Warner, Coleman & Goggin, move

pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss plaintiff's Second Amended

Complaint for failure to state claims upon which relief can be granted and move to strike

plaintiff's claims for punitive damages, emotional distress, and counsel fees, and in support

thereof, aver as follows:

### I.    Factual And Procedural Background

This lawsuit arises out of a real estate transaction involving a residential property located

at 64 East Johnson Street in the City of Philadelphia.  The plaintiff is Timothy Cann ("Cann"), an

individual who commenced the action by the filing of a Complaint on March 4, 2010. Plaintiff

subsequently filed an Amended Complaint, and then a Second Amended Complaint on June 8,

2010. The Second Amended Complaint contains various statutory and common law claims

directed to a multitude of defendants, including moving defendants, Lehman and Hoy.

The essence of Cann's claim is that he was duped, defrauded, and misled into entering into a foreclosure rescue program that has been identified as the "Liberty Program," that was designed to help him stave off foreclosure of the subject property.[1]

Plaintiff's Second Amended Complaint maintains that Cann entered into the transaction not fully understanding the terms of the transaction and as a result was caused to lose his remaining equity interest in his home, his ability to reside in the home, as well as suffering unspecified pain and suffering and emotional distress damages.

The second amended pleading also makes a claim for treble damages under the Pennsylvania Consumer Fraud Act set forth at 73 P.S. §201-2, et. seq., and contains claims for punitive damages under the Credit Repair Organization Act ("CROA"), and in association with plaintiff's various tort claims. Plaintiff also seeks equitable relief in Count VII of the pleading. This includes a declaration by the Court that an equitable mortgage exists between Cann and the lender, co-defendant, GMAC. A copy of plaintiff's Second Amended Complaint is incorporated herein, as though fully set forth at length, and is attached to the accompanying Motion to Dismiss, and is marked as Exhibit "A."

Moving defendants assert that the vague, ambiguous factual averments contained in the Second Amended Complaint are insufficient to support the multiple Federal and State statutory claims alleged against Lehman and Hoy, and also fail to embody causes of action under the common law theories alleged.

Moving defendants further assert that plaintiff's claim for punitive damages, claims for emotional distress, and counsel fees also be stricken as a matter of law. This Brief is filed in support of plaintiff's accompanying 12(b)(6) Motion to Dismiss.

---

[1] According to paragraph 17 of the Second Amended Complaint, Cann contacted Lehman in September of 2007 in an effort to save his home from a foreclosure proceeding in the Philadelphia Court of Common Pleas. See plaintiff's Second Amended Complaint, ¶ 17.

## II.  Questions Presented

1.     Whether Count I of plaintiff's Second Amended Complaint for violation of the Credit Repair Organization Act ("CROA") set forth at 15 U.S.C. §1679, et seq., should be dismissed where moving defendants do not meet the definition of a "Credit Repair Organization," and insufficient facts are pled to support any claim under Section 1679b (Prohibited practices) ?

**Suggested answer:** Yes.

2.     Whether Count II of plaintiff's Second Amended Complaint for professional negligence should be dismissed where no facts are pled establishing any breach of duty on behalf of Lehman or Hoy with respect to providing legal services with regard to the Liberty transaction?

**Suggested answer:** Yes.

3.     Whether Count III of plaintiff's Second Amended Complaint for fraud should be dismissed where insufficient facts are pled under Fed. R. Civ. P. 9(b) embodying a claim for common law fraud?

**Suggested answer:** Yes.

4.     Whether Count IV of plaintiff's Second Amended Complaint for civil conspiracy should be dismissed pursuant to F. R. Civ. P. 12(b)(6), where insufficient facts are plead evidencing that the moving defendants acted in unison and with malice with regard to the Liberty Transaction?

**Suggested answer:** Yes.

5.     Whether Count V of plaintiff's Second Amended Complaint under the Unfair Trade Practices and Consumer Protection Law ("UTPCPL") should be dismissed where inadequate facts are pled to support such a claim?

**Suggested answer:** Yes.

6.      Whether Count VI of plaintiff's Second Amended Complaint for conversion should be dismissed under Fed. R. Civ. P. 12(b)(6), where insufficient facts are pled to establish moving defendant's exercised dominion or control over plaintiff's property?

**Suggested answer:**  Yes.

7.      Whether plaintiff's claims for punitive damages, emotional distress, and counsel fees,  in association with the statutory and common law claims should be stricken as a matter of law?

**Suggested answer:**  Yes.


## III.   **Argument**

### A.      **Legal Standard**

Pursuant to Federal Rule of Civil Procedure 12(b)(6):

> *Every defense to a claim for relief in any pleading, must be asserted in the responsive pleading if one is required.  But a party may assert the following defenses by Motion:*
>
> *(6) failure to state a claim upon which relief can be granted. . . .*

Fed. R. of Civ. P. 12(b)(6)(emphasis added).

A motion to dismiss for failure to state a claim under rule 12(b)(6) is the appropriate means to test the sufficiency of the Complaint. Thus, a Complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that a plaintiff can prove no set of facts in support of their claim which would entitle them to relief. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957); see also, Raines v. Haverford College, 849 F.Supp. 1009, 1010, (E.D. Pa. 1994).  While the court must accept all factual allegations in the Complaint as true, the court is not required to accept bald assertions, legal conclusions, unwarranted inferences or deductions, or similar types of allegations.  Morse v. Lower Merion School District, 132 F.3d 902, 906 (3d. Cir. 1997).

In deciding a rule 12(b)(6) motion to dismiss, the court may consider the factual allegations in the Complaint, exhibits attached to the Complaint, matters of public record, and indisputably authentic documents submitted by the defendant relating to the plaintiff's claims. Pension Benefit Guar. Corp. v. White Consolidated Ind., Inc., 998 F.2d 1192, 1196 (3d. Cir. 1993); see also, City of Pittsburgh v. West Penn Power Co., 147 F.3d 256, 259 (3d. Cir. 1998).

While the court must view the Complaint in the light most favorable to the plaintiffs; the court need not, however, "credit a Complaint's 'bald assertions' or 'legal conclusions." In Re: Burlington Coat Factory Sec. Litigation, 114 F.3d 1410, 1429-30 (3d. Cir. 1997); see also, Ransom v. Marrazo, 848 F.2d 398, 401 (3d. Cir. 1988) (the question is whether "the facts alleged in the Complaint, even if true, fail to support . . . claim").

In Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, (2007), The Supreme Court recently clarified its position on the standard under a motion to dismiss. In that case, the Supreme Court made clear:

> While a Complaint attacked by a rule 12(b)(6) motion to dismiss does not need detailed factual allegations, plaintiff's obligation under Rule 8(a)(2) to provide the grounds of his entitlement to relief requires more than labels and conclusions, and the formulated recitation of the elements of a cause of action will *not* do. Factual allegations must be enough to raise a right to relief above the speculative level.

Id. at 1964-1965 (citations omitted)(emphasis added); see also, Baraka v. McGreevy, 481 F.3d. 187, 195 (3d. Cir. 2007)(a court is not bound to accept as true "unsupported conclusions and unwarranted inferences" or "a legal conclusion couched as a factual allegation"). "Factual allegations must be enough to raise a right to relief above the speculative level," and "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion of a legally cognizable right of action." Twombly, 127 S.Ct. at 1965.

Here, even viewing the facts in the light most favorable to Cann, plaintiff is not entitled to relief under the multiple legal theories alleged, as these theories fail as a matter of law.

**B.**   **Applicable Law to this Dispute**

It is uncontroverted that except in matters governed by the United States Constitution or by Acts of Congress, the law to be applied in any case by a Federal Court sitting in diversity is the law of the State where the court is located. Whether the law of the State is declared by its legislature, through a statute, or by its highest court through a decision, is not a matter of Federal concern. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 78, 58 S.Ct. 817, 822 (1938). Courts of the Third Circuit have long recognized that in Federal cases, they are bound to apply the law of the forum state. In cases where the state's highest court has not spoken definitively on a particular issue, the Federal court must make an informed prediction as to how the highest State court would decide a particular issue. Highlands Insurance Co. v. Hobbs Group, LLC, 373 F.3d 347, 351 (2004).

This matter has been filed in the Federal District Court for the Eastern District of Pennsylvania and asserts both statutory and common law claims. This court should apply the applicable Pennsylvania Law in finding that Cann has failed to plead sufficient facts to legally support his claims subjecting these claims to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).

**C.**   **Motion to Dismiss Counts I through VI of Plaintiff's Second Amended Complaint for Failure to State a Claim**

   **1.**   **Dismissal of Count I Under the Credit Repair Organization Act ("CROA")**

Count I of plaintiff's Second Amended Complaint purports to allege a claim under 15 U.S.C. §1679(b) the Credit Repair Organization Act ("CROA"). However, neither of the moving defendants can be deemed a Credit Repair Organization for purposes of the statute, and no facts have been pled to support claims under Sections 1679(b)(a)(1) or (b)(a)(4) of the statute.

Section §1679 sets forth as follows:

> *Purpose. The purposes of this title are:*

*(1) to ensure that prospective buyers of the services of Credit Repair Organizations are provided with the information necessary to make an informed decision regarding the purchase of such services; and,*

*(2) to protect the public from unfair or deceptive advertising and business practices by Credit Repair Organizations.*

15 U.S.C. §1679(b)(emphasis added).

A Credit Repair Organization is defined by 15 U.S.C. §1679(a)(3) as:

*(a) . . . . any person who uses any instrumentality of interstate commerce, or the mails  to sell, provide, or perform (or represent that such person can or will sell, provide or perform) any service, in return for the payment of money or other valuable consideration, for the express or implied purpose of*

*(i) improving any consumer's credit record, credit history or credit rating; or*

*(ii) providing advice or assistance to any consumer with regard to any activity or service described in clause(i)...*

15 U.S.C. §1679(a)(3) (emphasis added).

Thus, an organization must meet four requirements in order to fall within the definition of a Credit Repair Organization under 15 U.S.C. §1679(a)(3).  The organization must

(1)    Use an instrumentality of interstate commerce or mails;

(2)    To sell, provide, or perform (or represent that it could do so);

(3)    In return for valuable consideration;

(4)    Services or advice about services to improve a consumer's credit record, credit history, or credit rating.

Baker v. Family Credit Counseling Corp., 440 F. Supp. 2d 392, 403 (E.D.Pa. 2006).

Here, neither Lehman or Hoy functioned as a credit repair organization for purposes of the statue.  Count I contains no description of any actions on the part of Hoy with regard to supporting this statutory claim. See plaintiff's Amended Complaint, ¶¶ 64-67. With regard to Lehman, his conduct is lumped together with other defendants, including Danielle Lehman and

7

Legacy, without describing what conduct on his behalf makes him subject to a claim under the CROA statute.

Since there are inadequate facts pled in the second amended pleading to establish that Lehman or Hoy fall within the definition/parameters of a credit repair organization under the statute, Count I of the Second Amended Complaint should be dismissed, with prejudice.

Finally, there a no facts pled in the Second Amended Complaint which embody that actions on the part of Lehman or Hoy constituted violations of 15 U.S.C. §1679(b)(a)(1) or 1679(b)(a)(4). Plaintiff cannot and will not be able to point to any particular statements or facts that were conveyed to any entity respecting Cann's creditworthiness, credit standing, or credit capacity. As such, there can be no violation of Section 1679(b)(a)(1). Similarly, insufficient facts are contained in the Second Amended Complaint which establish representations, words, or conduct supporting a fraud or deception on the part of the moving defendants pertaining to Section 1679(b)(a)(4).

In light of the above, Count I of Cann's Second Amended Complaint directed to Lehman and Hoy must be dismissed, with prejudice.

### 2.    **Failure to State a Professional Negligence Claim**

Count II of the Second Amended Complaint purports to allege a claim for professional negligence (malpractice) directed to the moving defendants, Lehman and Hoy. There are no specific allegations directed to one defendant or the other, but rather general assertions. The specific conduct that forms the basis of the alleged malpractice is not described with any detail but lumps together both the defendants and contains vague ambiguous allegations. As an example Paragraph 69(a) of the Second Amended Compliant alleges ***"Failing to provide appropriate and necessary legal advice concerning credit repair and foreclosure rescue options available to plaintiff,"*** while Paragraph 69(g) of the Second Amended Complaint states

8

***"Other conduct that deviated from the applicable standard of care,"*** without describing the conduct.

Wholly absent is a description of what legal services were agreed to be supplied by the moving defendants, what the consideration was to be exchanged for the legal services, whether there was some type of fee agreement, and what the expectations were of Cann for these services.

In Pennsylvania in order to state a claim for legal malpractice (negligence), plaintiff must set forth sufficient facts establishing:

> (1) the employment of the attorney or other basis for duty;
>
> (2) the failure of the attorney to exercise ordinary skill and knowledge;
>
> (3) that such negligence was the proximate cause of damage to the plaintiff.

Rizzo v. Haines, 520 Pa. 484, 499 (Pa. 1989); see also, Bailey v. Tucker, 621 A.2d 108, 115 (Pa. 1987). In setting forth a valid claim for legal malpractice, it is essential that plaintiff's Complaint set forth sufficient facts in support of all three elements. Bailey, 621 A.2d at 115 (emphasis added).

Here, examination of plaintiff's Second Amended Complaint reveals that other than the vague and ambiguous assertions contained in Paragraph 69 of the Second Amended Complaint, there are no facts pled that support a claim for professional negligence against the moving defendants. The second amended pleading is vague, speculative, and fails to meet the minimum pleading standards to support a professional negligence claim against a legal practitioner. Therefore, it should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

### 3.   Dismissal of Plaintiff's Claim for Common Law Fraud

Count III of the Second Amended Complaint purports to allege a claim for common law fraud directed to the moving defendants, Lehman and Hoy. However, this Count fails to contain

9

sufficient facts to adequately plead a fraud claim under Fed. R. Civ. P. 9(b), since it does not explain or describe the words, conduct, or actions on the part of the moving defendants that constitutes the fraud/misrepresentation. Rather, the pleading attempts to lump together all of the defendants without describing their respective actions in an attempt to support such a claim. This is insufficient subjecting the claim to dismissal.

In order to support a claim of common law fraud in Pennsylvania, a party must establish:

> (1) a misrepresentation;
>
> (2) a fraudulent utterance;
>
> (3) an <u>intention</u> by the maker that the recipient will be induced to act;
>
> (4) justifiable reliance on the misrepresentation; and
>
> (5) damage to the recipient as a proximate result.

<u>Sevin v. Kelshaw</u>, 417 Pa. Super. 1, 9 (Pa. Super. Ct. 1992); <u>see also</u>, <u>Tunis Brothers Co., Inc. v. Ford Motor Co.</u>, 952 F.2d 715, 731 (3d Cir. 1991), <u>citing</u>, <u>Sciafe Company v. Rockwell Standard Corp.</u>, 285 A.2d 451, 454 (1971), <u>cert denied</u>, 470 U.S. 920, 92 S.Ct. 2459, 32 L. Ed. 2d 806, (1972) (applying clear and convincing standard to common law fraudulent misrepresentation claim). Importantly, a claim for fraud cannot lie when the claim relates to a matter of future performance. <u>Shoemaker v. Commonwealth Bank</u>, 700 A.2d 1003, 1006 (Pa. Super. 1997) (cause of action for fraud requires a misrepresentation of a past or present material fact).

Proving a claim for fraud is also subject to a heightened standard of proof. Plaintiff bears the burden of establishing the elements of fraud by clear and convincing evidence. Clear and convincing evidence has been defined by Pennsylvania Courts as:

> *"Testimony that is so clear, direct, weighty, and convincing, as to enable the trier of fact to come to a clear conviction, without hesitancy, of the truth of the precise facts at issue."*

<u>In re Adoption of J.D.S.</u>, 2000 PA Super 358, P8 (Pa. Super. Ct. 2000) (emphasis added).

10

The precise measure of proof required has also been defined as follows:

> *"What is meant by the statement that the evidence must be clear, precise and indubitable? It means that the witnesses must be credible . . . distinctly remember the facts to which they testify, narrate the details exactly, that the evidence is not only found to be credible, but of such directness as to make out the facts alleged beyond a reasonable doubt . . ."*

Weissblatt v. Minnesota Mutual  Life Ins. Co., 4 F.Supp. 2d 371, 384 (E.D. Pa. 1998).

Here, examination of Count III of the Second Amended Complaint reveals that it does not contain sufficient facts or information that support or embody a common law fraud claim against either of the moving defendants.  The allegations set forth in this Count lump together the conduct of all of the defendants without describing what conduct is attributable to particular parties. The information contained in Count III also fails to describe with the requisite particularity what words, conduct or actions are attributable to Lehman or Hoy with regard to the Liberty transaction. As such, Count III is legally insufficient to embody a common law fraud claim under Fed. R. Civ. P. 9(b), or Pennsylvania common law, and should be dismissed under Federal Rule of Civil Procedure 12(b)(6).

### 4.    Dismissal of Conspiracy Claim

Count IV of the Second Amended Complaint purports to allege a claim for civil conspiracy against the moving defendants.  However, as with the fraud count, there are inadequate facts pled to support a civil conspiracy claim, as there are no facts pled describing the membership, formulation, and purpose of the alleged conspiracy.

In order to establish a claim for civil conspiracy under Pennsylvania law, a party must plead and prove the following elements:

> (1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose;
>
> (2) an overt act done in pursuance of a common purpose;

11

(3) actual legal damage.

Doltz v. Harris & Assocs., 280 F. Supp. 2d 377, 389 (E.D. Pa. 2003).  An action for civil conspiracy will lie only where the sole purpose of the conspiracy is to cause harm to the party who claims to be injured. Additionally, proof of malice (i.e. an intent to injure) is also an essential element in the proof of a civil conspiracy.  Merely describing something as malicious has been deemed insufficient to give the proper inference of malice; malice requires an allegation that the sole purpose of the conspiracy was to injure the plaintiff. Id., at 389.

In order to survive a motion to dismiss, plaintiff must plead facts which adequately support allegations of conspiracy.  These allegations must include a description of the membership, formulation and purpose of the alleged conspiracy.  Doltz v .Harris & Assocs., 280 F. Supp. 2d 377, 389 (E.D. Pa. 2003), citing, Watkins v. Pennsylvania Board of Probation and Parole, Civ. A. No. 02-2881, 2002 U.S. Dist. LEXIS 23504, * 27 through *29 (E.D. Pa. Nov. 5, 2002); see also, Teeple v. Carabba, Civ. A. No. 07-2976, 2009 U.S. Dist. LEXIS 119937, *51 (E.D. Pa. Dec. 22, 2009).

Here, other than the mere recitation of the elements of what constitutes a civil conspiracy claim, there are no specific facts pled which detail what defendants acted in concert with whom, how they formulated a plan together, and what they sought to accomplish together. Bare allegations of such a plan are simply insufficient to establish that some conspiratorial plan existed among the defendants. Count IV contains a splattering of facts without parsing out the particular actions of any one defendant and how these actions were linked to one another.

Simply stated, without sufficient facts to support how or why the various defendants were connected, the purpose and intent of their activities, and how or why it embodied some malice towards Cann, there can be no civil conspiracy claim.  Thus, Count IV is subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).

5.   **Dismissal of UTPCPL Claim**

Count V of the Second Amended Complaint purports to assert a claim under the Unfair

Trade Practices and Consumer Protection Law ("UTPCPL") set forth at 73 P.S. §201-2, et seq.

However, under Pennsylvania law, in order to pursue a claim under the statute, plaintiff must be

able to plead and proof the elements of common law fraud, and/or some justifiable reliance

depending upon the section of the statute being relied upon.

In the case of fraud-based claims, in order to establish a violation, it is necessary to

establish the elements of common law fraud. <u>Piper v. American National Life Ins. Co. of Texas,</u>

228 F. Supp. 2d 553, 560-561 (M.D. Pa. 2002). Courts in this Commonwealth have articulated

that the purpose of the UTPCPL is to protect the public from fraud and unfair or deceptive

business practices and the statute is the principal means for doing so in the Commonwealth.

<u>Weinberg v. Sun Company, Inc.</u>, 740 A. 2d 1152, 1163 (Pa. Super. 1999).

The UTPCPL asserts that a private cause of action is created and includes an omnibus

provision at § 201-2 (4) (xxi), that states "engaging in any other fraudulent or deceptive conduct

which creates a likelihood of confusion or misunderstanding."

As previously pointed out in this motion, Cann has not pled sufficient facts to support

such claims against the moving defendants. The second amended pleading sets forth that the

defendants (without parsing out which defendants) engaged in "fraudulent and deceptive

conduct" without describing what misrepresentations were made, who they were made by, and

how or why they were intended to deceive Cann. The vague ambiguous nature of these

allegations is insufficient to plead or prove a claim for fraud under Fed. R. Civ. P. 9(b), or to

support a Consumer Fraud Act claim.

To establish a cause of action under the statute, plaintiff must demonstrate that he

justifiably relied on the defendants' wrongful conduct or representations, and that he suffered

harm as a result of the reliance. <u>Yocca v. Pittsburgh Steelers Sports, Inc.</u>, 854 A.2d 425, 438-439

13

(Pa. 2004), citing, Weinberg v. Sun Company, Inc., 777 A.2d 442 (Pa. 2001).  Absent the ability to proof sufficient facts to establish fraud or some justifiable reliance on some specific representations concerning the transaction, Count V, as currently pled, is legally insufficient, and must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

### 6. **Plaintiff Cannot Establish a Conversion Claim Against Either of the Moving Defendants Because There Was No Conversion**

Count VI of the Second Amended Complaint attempts to assert a claim for common law conversion against the moving defendants, Lehman and Hoy.  However, insufficient facts are pled in this Count which support or embody that Lehman or Hoy exercised dominion or control over the plaintiff's property.  As such, the conversion claim is legally deficient and must fail.

In Pennsylvania, a conversion is defined as an intentional exercise of dominion or control over a chattel, which seriously deprives or interferes with the lawful right of another person to possess or control it, without the consent of the other, or some privileged lawful justification.  A party who is entitled to a judgment for conversion of a chattel may recover the value of the subject matter of his interest in it at the time and place of the conversion.

In other words, the presumption is that the damage caused by the wrongful conversion will be the value of the property at the time of the conversion.  The plaintiff has the burden of establishing the value of the property, while the burden is on the defendant to proof facts, which will permit a reduction or mitigation of the damages claimed.  U.S.A. v. New Holland Sales Stables, Inc., 619 F. Supp. 1162, 1164 (E.D. Pa. 1985).  Conversion is a tort of strict liability. Moreover, causation is an element of liability.  Under the Restatement Second of Torts, §927(1):

> *"a party is entitled to a judgment for the conversion of the chattel*
> *may recover "the value of the subject matter of his interest at the*
> *time and place of the conversion."*

See Restatement Second of Torts, §927(1).

Here, plaintiff cannot and will not be able to prove, under any set of facts that Lehman and Hoy engaged in any intentional or wrongful conduct that resulted in an exercise of dominion or control over Cann's property. Examination of the Second Amended Complaint reveals that there are no allegations that either Hoy or Lehman ever became the record owner of the property, or took possession of the property. The Second Amended Complaint acknowledges that prior to the transaction, a foreclosure action had already been commenced against the plaintiff. It also acknowledges that the co-defendant Kanuass became the record owner of the property. See plaintiff's Second Amended Complaint, ¶¶ 17, 34.

In order to prevail on a conversion claim, the plaintiff must prove that they had a right to the chattel, and that the defendant engaged in intentional, wrongful conduct resulting in the exercise of dominion or control over the chattel, and that the conduct lead to a serious deprivation of the plaintiff's possessory rights resulting in damages. Recovercare, LLC and Cambridge Technologies, Inc. v. Fairweather, Civ. A. No. 09-CV-02911, 2009 U.S. Dist. LEXIS 79025, *16 (E.D. Pa. September 1, 2009) (Federal District Court ruled that plaintiff's conversion claim could proceed where the defendant was in possession of plaintiff's physical property, including a laptop computer, mobile phone and EZ Pass transponder). The only remedy for conversion is a judgment for monetary damages for the full value of the chattel, whether or not the chattel has been completely destroyed or lost; the claim is not merely for the amount of damage or harm. The critical element that must be capable of being proven is that there must be an exercise of dominion or control by the actor (defendant). Spickler v. Lombardo, 3 Pa. D. & C.3d 591, 601-602 (Pa. County Ct. 1977). Here, Cann will not be able to prove under any set of facts that either of the moving defendants was ever the record owner of the property in dispute, or exercised dominion or control over the property. As such, plaintiff cannot support allegations of conversion against these defendants. Since the allegations of Count VI are legally insufficient, they must be dismissed, with prejudice.

7.   **Plaintiff's Claim for Punitive Damages, Emotional Distress, and Counsel Fees Must be Stricken, With Prejudice**

Plaintiff has asserted claims in the Second Amended Complaint for punitive damages in association with his purported CROA claim, and in connection with his various tort claims. However, he has failed to plead facts supporting any willful, wanton, or malicious conduct on behalf of either of the moving defendants.

He has demanded damages for emotional distress, including pain and suffering, without specifically pleading a claim or cause relating to same. See plaintiff's Second Amended Complaint, ¶62.  He has also made a demand for attorney's fees and costs in association with his statutory and non-statutory claims. For the reasons set forth below, these claims for damages should be stricken from his pleading.

Pennsylvania Courts have adopted the Restatement Second of Torts in order to determine the pleading standard, and to assess the proprietary of a punitive damages claim.  The Restatement Second of Torts §908(2) was adopted by the Pennsylvania Supreme Court as early as 1963.  Chambers v. Montgomery, 192 A.2d 355 (Pa. 1963). The Restatement Second of Torts §908(2) provides as follows:

> *Punitive damages may be awarded for conduct that is outrageous, because of the defendants' evil motive or his reckless indifference to the rights of others.  In assessing punitive damages, the trier fact can properly consider the character of the defendant's act, the nature and extent of the harm to the plaintiff that defendant caused or intended to cause, the wealth of the defendant.*

Restatement Second of Torts §908(2). In expounding upon this section, the Pennsylvania Supreme Court has determined that:

> *Punitive damages are awarded only for outrageous conduct, that is, acts done with a bad motive, or with a reckless indifference to the interests of others. . . §908 damages are not justified where the defendants mental state rises to no more than gross negligence.*

Martin v. Johns Mansville Corp., 494 A.2d 1088, 1097-1098 (Pa 1985) (emphasis added).

Court in this Circuit have recognized that punitive damages are awarded for conduct which is outrageous and done with an evil motive and that the basis for punitive damages is punishment and deterrence.  Acosta v. Honda Motor Co., 717 F.2d 828, 834 (3d Cir. 1983); see, also, Chuy v. The Philadelphia Eagles Football Club, 595, F.2d 1265, 1277 (3d Cir. 1979). As the name suggests, punitive damages are penal in nature and are proper only in cases where the defendant's actions are so outrageous as to demonstrate willful, wanton or reckless conduct. Hutchison v. Father Francis Luddy, 870 A.2d 766, 770 (Pa. 2005).

Thus, to support a claim for punitive damages, it is essential for the plaintiff to plead sufficient facts to demonstrate that the defendants' conduct was outrageous, willful and wanton, and undertaken with a reckless indifference to the rights of others, or with an evil motive.  Smith v. Brown, 423 A.2d 743, 745 (Pa. Super. 1980); see also, Karpiak v. Russo, 676 A.2d 270, 275 (Pa. Super. 1996).

Here, there are no facts pled in Cann's Second Amended Complaint which support an award of punitive damages in this action. The statutory claim under the CROA directed to moving defendants is not supportable, and the entire amended pleading is devoid of any words, conduct, or actions on the part of Lehman or Hoy which evidence maliciousness, reckless indifference, or some evil motivation. The allegations directed to the moving defendants are in the nature of a professional malpractice claim for legal services rendered. Absent specific facts which embody the standard for an award of punitive damages, there is no entitlement to such damages, and they should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6), with prejudice.

Cann's claim for damages relating to pain and suffering and emotional distress in paragraph 62 of the pleading should also be stricken because these damages are not pled in association with any particular claim.

In order to maintain a claim for intentional infliction of emotional distress under

17

Pennsylvania law, a plaintiff must allege intentional or reckless conduct by the defendant which is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." Hoy v. Angelone, 720 A.2d 745, 754 (Pa. 1998). The tort does not encompass insults, threats, annoyances or petty oppressions. Kazatesky v. King David and Memorial Park, Inc., 527 A.2d 988, 991 (Pa. 1987). A cause of action for negligent infliction of emotional distress is restricted to the following four factual scenarios:

> 1)    situations where the defendant had a contractual or fiduciary duty to the plaintiff;
>
> 2)    the plaintiff was subjected to a physical impact;
>
> 3)    the plaintiff was in a zone of danger, thereby reasonably experiencing a fear of impending physical injury;
>
> 4)    the plaintiff observed a tortious injury to a close relative.

Toney v. Chester County Hospital, 961 A.2d 192, 197-198 (Pa. Super. 2008).

Here, since there are no specific facts or claims pled which would support an award of such damages under either of the theories set forth above, this paragraph, and any consideration of such damages must be stricken from the pleading.

Finally, the request for counsel fees and costs should be stricken from the pleading as the plaintiff cannot support the statutory claims that would support such an award. In this Commonwealth, parties to litigation are responsible for their own attorney's fees unless otherwise provided by statutory authority, an agreement of the parties, or some other recognized exception. Equibank v. Miller, 619 A.2d 336, 339 (Pa. Super. 1993), citing, Mantell v. Mantell, 559 A.2d 535 (Pa. Super. 1989). Here, the statutory claims are legally insufficient. There is no agreement for counsel fees. As such, any claim for counsel fees or costs should be stricken from the Second Amended Complaint, with prejudice, pursuant to Federal Rule of Civil Procedure

12(b)(6). For all of the reasons set forth above, plaintiff's statutory and non-statutory claims should be dismissed under Fed. R. Civ. P. 12(b)(6).

WHEREFORE, plaintiff's Second Amended Complaint directed to Lehman and Hoy should be dismissed in accordance with the Order attached, with prejudice.

Respectfully submitted,

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

By: _____
KIMBERLY WONG, ESQUIRE
JEFFREY J. CHOMKO, ESQUIRE
Attorneys for defendants,
David Lehman, Esquire and
Richard W. Hoy Associates, P.C.

Dated: July 23, 2010

01/6086069.v1

19

## CERTIFICATE OF SERVICE

I, JEFFREY J. CHOMKO, ESQUIRE, hereby certify that I caused a true and correct copy of the foregoing Motion to Dismiss and Accompanying Brief to plaintiff's Second Amended Complaint to be served on the below date, via electronic mail and regular mail upon the following:

Robert Cocco, Esquire
Robert P. Cocco, PC
1500 Walnut Street, Ste. 900
Philadelphia, PA 19107

Walter Kanauss, Jr.
29 Fairview Avenue
Sewell, NJ 08080

Danielle P. Lehman
1850 Augusta Drive
Jamison, PA 18929

Susan M. Verbonitz, Esquire
Weir & Partners, LLP
The Widener Building
1339 Chestnut Street, Suite 500
Philadelphia, PA 19107

Richard Ditomaso, Esquire
Richard D. Ditomaso, PC
900 N. Kings Highway, Suite 302
Cherry Hill, NJ 08034

Allison L. Domowitch
Nicola G. Suglia
Fleischer & Fleischer
Plaza 1000 at Main Street
Suite 208
Voorhees, NJ 08043

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

By:    /s/ Jeffrey J. Chomko, Esq. I.D. 54337
JEFFREY J. CHOMKO, ESQUIRE
Attorneys for defendants, David Lehman,
Esquire and Richard W. Hoy Associates,
P.C.

Dated July 23, 2010